UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIUS SUMMERROW, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:13-0297 |
| v. ) | Judge Trauger/Bryant |
| ) | |
| CHATTANOOGA BOILER AND TANK, ) | |
| ) | |
| Defendant ) | |

**TO: THE HONORABLE ALETA A. TRAUGER**

## REPORT AND RECOMMENDATION

Defendant CBT Manufacturing, Inc., improperly identified in the complaint Chattanooga Boiler and Tank, has filed its motion for summary judgment (Docket Entry No. 33). Plaintiff Summerrow, who is now proceeding *pro se*, has not filed a response.

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant's motion for summary judgment be GRANTED and the complaint DISMISSED.

## STATEMENT OF THE CASE

Plaintiff Julius Summerrow has filed his complaint alleging employment discrimination based upon his age and retaliation by Defendant for his filing a charge of discrimination, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Plaintiff seeks reinstatement of his employment and monetary damages.

## SUMMARY OF PERTINENT FACTS[1]

Plaintiff Summerrow began his employment as a boilermaker at CBT Manufacturing in February 2000. His primary job

---

[1] This factual summary is derived from Summerrow's complaint and from the supporting exhibits filed with CBT Manufacturing's motion (Docket Entry Nos. 1 and 33).

responsibility was using a grinder to bevel edges of steel plates in preparation for welding. This work requires holding a vibrating 15 pound grinder at both waist and shoulder levels.

In August 2009, Summerrow injured his right shoulder while working at CBT Manufacturing, and he underwent right shoulder rotator cuff surgery in May 2010. By November 2010, Summerrow's treating physician determined that his right shoulder injury had reached its highest degree of recovery, known as "maximum medical improvement."

While undergoing postsurgical rehabilitation for his right shoulder, Summerrow experienced numbness and tingling in his right arm. On March 3, 2011, Summerrow underwent right carpal tunnel surgery.

In August 2011, Summerrow was authorized by his doctor to return to work at CBT Manufacturing. After working for only a few weeks, he complained of neck, wrist and shoulder discomfort, and reported that he could not perform his job duties because of his physical condition. Summerrow was encouraged to see a doctor, and he then voluntarily left work.

In November 2011, Summerrow returned to CBT Manufacturing. He presented a medical return-to-work notice only for his cervical neck impairment. Because Summerrow had also complained of right shoulder discomfort when he voluntarily left work, CBT asked Summerrow also to provide a medical explanation of his right shoulder limitations before returning him to work. Summerrow has never provided CBT Manufacturing with this requested medical explanation.

On January 10, 2012, Summerrow signed two workers' compensation settlement agreements for his right shoulder, wrist and elbow injuries. He was represented by counsel in these two workers' compensation claims. In documents related to both of these settlement agreements, Summerrow stated, under penalty of perjury, that he could not return to his prior employment. Finally, on March 27, 2012, Summerrow appeared at an unemployment benefits hearing and testified, under oath, that at the time of his workers' compensation settlement agreements he represented to the State of Tennessee that he was unable to return to his prior employment because of his right shoulder injury.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if

appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**ANALYSIS**

As stated above, Plaintiff Summerrow has not responded in opposition to Defendant's motion for summary judgment. Nevertheless, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to insure that it has discharged its burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

The Age Discrimination in Employment Act prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). In order to establish a *prima facie* case of age discrimination, a Plaintiff must show (1) that he was a member of a protected age class; (2) that he was discharged or suffered other adverse employment action; (3) that he was qualified for the position he

held, and (4) that he was replaced by a younger worker. *Cox v. DOT*, 53 F.3d 146, 150 (6th Cir. 1995).

The undisputed evidence in this record persuades the undersigned Magistrate Judge that Summerrow cannot satisfy the third element of this *prima facie* case. Specifically, the evidence demonstrates that following his on-the-job injuries and resulting surgeries, Summerrow returned to work in August 2011 but, after working a few weeks, he complained of neck, wrist and shoulder discomforts and stated that he was unable to perform the duties of his job due to his physical condition. Thereafter, in the course of settling his workers' compensation claims and applying for unemployment insurance, Summerrow stated on three occasions, under penalty of perjury, that he was unable to perform his past work because of his injuries. This evidence stands undisputed in this record. Thus, Summerrow has failed to establish the essential elements of a *prima facie* case of age discrimination.

The Age Discrimination in Employment Act also prohibits an employer from "discriminat[ing] against any of his employees . . . because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or litigation under [the Act]." 29 U.S.C. § 623(d). Here, Summerrow has checked the box in his complaint indicating that he asserts a claim of retaliation for his having filed a charge of discrimination (Docket Entry No. 1 at 3). However, Summerrow's complaint states that his employment was terminated on or about November 25, 2011, but that he did not file a charge of discrimination with the Equal Employment Opportunity Commission until December 19, 2011 (Docket Entry No. 1 at 2-3). The evidence

5

in the record otherwise demonstrates that in November 2011 CBT Manufacturing requested that Summerrow provide a medical explanation of his right shoulder limitations before he was allowed to return to work (Docket Entry No. 33-2 at 2-3). As stated above, Summerrow never provided the requested medical statement and did not work thereafter. Since he did not file his charge of discrimination with the EEOC until December 19, 2011, the undersigned finds that the record contains no evidence that would support a claim of retaliation by CBT against Summerrow based upon his discrimination charge.

For the reasons stated above, the undersigned Magistrate Judge finds that the evidence in this case shows that there is no genuine dispute as to any material facts and that Defendant CBT Manufacturing is entitled to judgment as a matter of law.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the motion for summary judgment on behalf of Defendant CBT Manufacturing, Inc. be GRANTED and that the complaint be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 26th day of January, 2015.

                                            /s/ John S. Bryant
                                            JOHN S. BRYANT
                                            United States Magistrate Judge