UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIUS SUMMERROW, ) | |
| ) | Case No. 3:13-0297 |
| Plaintiff, ) | Judge Aleta A. Trauger |
| ) | Magistrate Judge Bryant |
| v. ) | |
| ) | |
| CHATTANOOGA BOILER & TANK, and ) | |
| TOM SCHULL and MIKE McMINN, ) | |
| Individually, ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM & ORDER

On January 26, 2015, the Magistrate Judge issued a Report & Recommendation ("R&R") (Docket No. 80), which recommends that remaining defendant Chattanooga Boiler & Tank's ("Chattanooga Boiler") Motion for Summary Judgment (Docket No. 33) be granted and the Complaint be dismissed. The plaintiff, who is proceeding *pro se*, has filed two documents that the court collectively construes as Objections to the R&R (Docket Nos. 85 and 86), to which Chattanooga Boiler has filed joint Responses in opposition (Docket Nos. 87 and 88).

The plaintiff originally filed this case *pro se* against Chattanooga Boiler and two individual defendants, Tom Schull and Mike McMinn, alleging a claim of age discrimination and retaliation. (Docket No. 1.)[1] After Schull and McMinn filed a joint Motion to Dismiss (Docket No. 21), counsel entered an appearance for the plaintiff (Docket No. 23), and the parties stipulated that Schull and McMinn should be dismissed (Docket No. 27). On May 20, 2014,

---

[1] The Complaint inappropriately alleges that these claims arise under Title VII. In the R&R, the Magistrate Judge construes the claims as arising under the ADEA.

1

Chattanooga Boiler filed a Motion for Summary Judgment (Docket No. 33).[2] On June 17, 2014, the day that a response to Chattanooga Boiler's Rule 56 motion was due, counsel filed a Motion to Withdraw and Stay Proceedings (Docket No. 34). The court initially granted the request to withdraw, but denied the request for a stay. (Docket No. 39.) The Magistrate Judge granted the plaintiff an extension to October 8, 2014 to respond to the defendant's motion. (Docket No. 45.) On July 10, 2014, the plaintiff filed a Motion for Appointment of Counsel. (Docket No. 44.) Concerned by contents of that motion, the court vacated its ruling concerning the Motion to Withdraw and ordered the Magistrate Judge to hold a hearing on the Motion to Withdraw. (Docket No. 48.) On October 16, 2014, the Magistrate Judge held the hearing and, on October 17, 2014, the Magistrate Judge granted counsel's Motion to Withdraw. (Docket No. 61.) The Magistrate Judge granted the plaintiff an additional extension to December 1, 2014 to respond to the pending Motion for Summary Judgment. (*Id.*)[3]

On December 4, 2014, after the extended deadline to respond to the Motion for Summary Judgment had expired, the plaintiff filed a letter stating that he had been unable to retain substitute counsel. (Docket No. 72.) The plaintiff's letter did not contain a response to the defendant's motion. On January 23, 2015, the Magistrate Judge denied the plaintiff's earlier-

---

[2] The Motion for Summary Judgment was also filed on behalf of the individual defendants. In light of the parties' stipulation, the court granted the individual defendants' Motion to Dismiss and dismissed the claims against them with prejudice. (Docket No. 52.)

[3] Counsel for the plaintiff represented at the October 16, 2014 hearing that he retained $4,500 from the plaintiff only as a deposit against expenses and that, less $385 in deposition expenses, he would refund the balance to the plaintiff. On November 10, 2014, the plaintiff sent a letter to the court, complaining that his former counsel had not yet refunded the $4,115 payment as promised. (Docket No. 65.) On November 13, 2014, the court ordered former counsel to refund that balance by November 24, 2014. (Docket No. 66.) On November 19, 2014, former counsel filed a Notice of Compliance with that directive. (Docket No. 69.)

filed Motion for Appointment of Counsel. (Docket No. 78.) The plaintiff made no further effort to address the Motion for Summary Judgment in any fashion. On January 26, 2014, the Magistrate Judge issued the R&R, which recommends that the unopposed Motion for Summary Judgment be granted. (Docket No. 80.)

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The R&R accurately summarizes the facts and procedural posture of this case, which the court incorporates by reference herein. Briefly, the plaintiff suffered an on-the-job injury in August 2009, underwent multiple corrective surgeries, and briefly returned to work in August 2011 before leaving voluntarily due to physical ailments related to his previous injury. In November 2011, he attempted to return to work, at which point Chattanooga Boiler asked him to provide a medical explanation for his previously disclosed right shoulder limitations. The plaintiff never provided the requested explanation. It appears that Chattanooga Boiler terminated his employment on November 25, 2011. On January 10, 2012, while represented by counsel, the plaintiff signed two worker's compensation settlement agreements in which he represented, under penalty of perjury, that he could not return to his prior employment at Chattanooga Boiler. On March 27, 2012, the plaintiff testified at an unemployment benefits hearing that, at the time he entered into the two settlement agreements, he had represented to the State of Tennessee that

3

he could not return to his prior employment because of his shoulder injury. Under the terms of the settlement, he received worker's compensation benefits commensurate with his sworn representations about the nature of his impairments and his inability to return to work.

In most relevant part, the Magistrate Judge finds in the R&R that the plaintiff cannot establish that he was qualified for the position (an essential element of a *prima facie* case for age discrimination under the ADEA) because it is undisputed that he represented three times, under penalty of perjury, that he could not return to his prior employment at Chattanooga Boiler because of his injuries. The Magistrate Judge also finds that the plaintiff cannot establish a claim of retaliation because he did not file a charge of discrimination with the EEOC until December 19, 2011, well *after* his termination for failure to provide Chattanooga Boiler with an explanation concerning his right shoulder limitations.

In a February 4, 2015 letter to the court, the plaintiff purports to object to the R&R. As best the court can discern, the plaintiff appears to complain about the conduct of his worker's compensation counsel in 2012, and suggests that he did not receive all of the promised worker's compensation payments. Even granting the letter a liberal construction in light of the plaintiff's *pro se* status, the letter contains no objections specific to the Magistrate Judge's findings in the R&R. These objections are therefore waived.

In a February 8, 2015 letter to the court, the plaintiff purports to assert additional objections to the R&R. The filing asserts, for the first time, that the plaintiff's retaliation claim was based on a 2005 charge of discrimination, rather than the December 2011 charge identified by the Magistrate Judge. This contradicts his Complaint, which alleges retaliation only with respect to the December 2011 charge. The purported 2005 charge was not part of this case, was never presented for the Magistrate Judge's consideration with respect to the Motion for

4

Summary Judgment, and cannot be raised for the first time on review of the R&R.[4] The filing also appears to contend, for the first time, that Chattanooga Boiler may have discriminated against the plaintiff in work assignments based on race. Again, this claim is not part of the case, was not presented to the Magistrate Judge for consideration, cannot be raised for the first time at this stage, and, in any case, is factually unsupported.

The plaintiff has not raised any specific, coherent objections to the R&R. Moreover, despite numerous (and generous) extensions from the court, the plaintiff failed to respond to the Motion for Summary Judgment. The motion was unopposed, the defendants' asserted facts are undisputed, and the Magistrate Judge appropriately applied the Rule 56 standard and the relevant substantive law to the facts.

For these reasons, the plaintiff's Objections (Docket Nos. 85 and 86) are **OVERRULED**, the R&R (Docket No 109) is **ACCEPTED AND ADOPTED**, Chattanooga Boiler's Motion for Summary Judgment (Docket No. 33) is **GRANTED**, and the plaintiff's Complaint is hereby **DISMISSED**. Entry of this Order shall constitute final judgment in the case.

It is so **ORDERED**.

Enter this 11th day of February 2015.

_____
ALETA A. TRAUGER
United States District Judge

---

[4] Even if the court were to consider the 2005 charge, it would make no difference, since the passage of approximately six years between that charge and the adverse action precludes any finding of a causal connection. *Nguyen v. City of Cleveland*, 229 F.3d 559, 567 (6th Cir. 2000).